IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. MJG-14-0071 |
| LOUIS W. STROSNIDER, III, | : | |
| Defendant. | : | |

...oooOooo...

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, Louis W. Strosnider, III, pled guilty pursuant to a written plea agreement to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349;

WHEREAS, pursuant to his plea agreement and as a consequence of the defendant's plea the defendant agreed to forfeit to the United States a money judgment in an amount determined by the Court to be proceeds of the offense and all the defendant's right, title, and interest in the following property, which is named in the defendant's plea agreement (the "Subject Property") at Paragraph 12(b): "All the defendant's right, title, and interest in Raileywood, LLC, and its assets."

The assets of Raileywood, LLC, include the following property:

a. Tax Account Number Garrett County, MD 18077396: Description: Lakeshore Drive, Map 0058, Parcel 759.

b. Tax Account Number Garrett County, MD 14017984: Description: 100 acres, Lakeshore Drive, Map 0058, Parcel 412.

The legal descriptions of these properties are:

a. For Tax Account Number 18077396: Beginning at a 1/2 inch rebar found at the northeasterly corner of land of Gregory W. Sinnamond described in a deed recorded in Liber 971, Page 778, among the Land Records of Garrett County, Maryland; thence with

1

said Sinnamond land, North 74 degrees 13 minutes 29 seconds West 156.04 feet to a 1/2 inch rebar found in the easterly limits of Lake Shore Drive; thence two courses with said limits: 98.42 feet along a curve to the left, said curve having a radius of 153.82 feet and a long chord of North 10 degrees 18 minutes 19 seconds West 96.75 feet; North 28 degrees 38 minutes 07 seconds West 101.58 feet to a 1/2 inch rebar set; thence North 51 degrees 29 minutes 48 seconds East 352.21 feet through land of Jack T. Edmonds to a magnail set in a boulder; thence South 07 degrees 35 minutes 45 seconds West 449.99 feet with land of Samuel R. VanSickle described in deed recorded in Liber No. 763, page 898, among the said Land Records, to the beginning, containing 1.50 acres, more or less and as shown on a plat recorded in Plat Case DKM 1, File 149, among the said Land Records.

b. For Tax Account Number Garrett Co., MD 14017984: Military Lots No. 1719 and 1721

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2), 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the order and its intent to dispose of the

Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. If a petition is filed by a third party – and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) – the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to

resolve factual issues before the court holds a hearing on the petition.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the Government locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

11. The value of any substitute assets included in the Subject Property shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Assistant United States Attorney Joyce K. McDonald, United States Attorney's Office, Baltimore, Maryland.

Date: December 1, 2016

Hon. Marvin J. Garbis
United States District Judge

WE ASK FOR THIS:

*(signature)*
Joyce K. McDonald, Esq.
Assistant United States Attorney

*(signature)*
Louis W. Strosnider, III
Defendant

*(signature)*
Jonathan Biran, Esq.
Attorney for the Defendant

5